UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

**JORGE MIGUEL PRIETO,** Case No. 20-40402-jmm

Chapter 11

Debtor.
-------------------------------------------------------X

**JORGE MIGUEL PRIETO,**

Plaintiff, Adv. Proc. No.

-against-

**ROSA PRIETO AND ELMHURST ASSETS LLC,**

Defendants.
-------------------------------------------------------X

**AMENDED COMPLAINT**

Plaintiff, Jorge Miguel Prieto (the "Debtor"), by and through his attorneys Ortiz & Ortiz, LLP, counsel for the Debtor, as and for his complaint against the above-captioned defendants, alleges upon information and belief as follows:

**FACTS**

1. On July 3, 2008 Jorge Miguel Prieto ("Jorge") and his wife Rosa Prieto ("Rosa") purchased the real property known as 103-08 34th Avenue, Corona, New York (the "08 Property") and the real property known as 103-04 34th Avenue, Corona, New York (the "04 Property") (collectively referred to as the "Properties"), as husband and wife. The Properties are multi-family homes that are located on the same city block in Queens County, New York.

2. On November 24, 2008, Rosa threatened Jorge to, among other things, take their

children away unless Jorge signed a deed that reflected Rosa as owning 99% of the Properties and Jorge as owning 1% of the Properties. Since Jorge and Rosa owned the Properties as tenants by the entirety, Jorge believed that he was transferring nominal title to Rosa.

3. Without Jorge's knowledge and consent, on December 19, 2014, Rosa signed deedS transferring her 99% interest in the Properties to Elmhurst Assets, LLC ("Elmhurst") for $10.00. Muxiu Li is the owner of Elmhurst.

4. The tax returns filed with New York City in connection with these transactions provide that no tax for the transfers to Elmhurst was due because Rosa was a business partner of Elmhurst.

5. Jorge commenced a divorce proceeding against Rosa in 2015.

6. The Properties are encumbered by mortgage loans. Jorge has utilized the rents he has collected from the Properties to pay the operating costs of the Properties at all times.

7. Jorge is an obligor on the mortgage notes encumbering the Properties.

8. Jorge has lived with his children in the 08 Property at all times since the purchase of the Properties and continues to reside there to this day. Jorge has never ceased occupying the 08 Property or exercising dominion and control of the Properties.

9. Neither Elmhurst or Rosa have filed a proof of claim in this case.

10. When Jorge transferred his interests in the Properties to Rosa, unsecured claims asserted against him remained unpaid.

11. The Debtor did not receive reasonably equivalent value in exchange for the transfer of his interest in the Properties to Rosa.

12. Rosa did not receive reasonably equivalent value in exchange for the transfer of her nominal interest in the Properties to Elmhurst.

13. Jorge was insolvent on the date that the transfer(s) was made or became insolvent as a result of the transfer(s); or the Debtor intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

**NATURE OF THE ACTION**

14. This adversary proceeding is brought under, inter alia, 11 U.S.C. §§105, 541, 542, 544(b), and 550 of Title 11 of the United States Code (the "Bankruptcy Code"), the New York Debtor and Creditor Law §§272, et. Seq., and Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to recover property of the estate which has been wrongfully conveyed to the Defendants.

**JURISDICTION AND VENUE**

15. This adversary proceeding arises in a case under Title 11 of the United States Code. Jurisdiction of this adversary proceeding is conferred upon this Court by 28 U.S.C. §§157(a) and 1334(b).

16. Venue is proper in this District under 28 U.S.C. §§1408 and 1409.

17. This adversary proceeding is a core proceeding to be heard and determined by this Court under 28 U.S.C. §§157(b)(1), (b)(2)(A), (E), (H) and (O).

**AS AND FOR THE FIRST CAUSE OF ACTION**

18. The Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth fully herein.

19. Jorge did not receive reasonably equivalent value in exchange for the transfer of his interest in the Properties to Rosa.

20. Rosa did not receive reasonably equivalent value in exchange for the transfer of her nominal interest in the Properties to Elmhurst.

21. Jorge was insolvent on the date that the transfer(s) was made or became insolvent as a result of the Transfer(s); or Jorge intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

22. The transfers are avoidable pursuant toe 11 U.S.C. Section 548.

**AS AND FOR THE SECOND CAUSE OF ACTION**

23. Debtor incorporates all preceding paragraphs as if fully re-alleged herein.

24. Debtor is entitled to avoid the transfers pursuant to Sections 547 and 548 of the Bankruptcy Code (collectively, "Avoided Transfers").

**AS AND FOR THE THIRD CAUSE OF ACTION**

25. Rosa was the initial transferee of the transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the transfers were made.

26. Pursuant to Section 550(a) of the Bankruptcy Code, Debtor is entitled to recover the transfers from Defendants, plus interest thereon.

**AS AND FOR THE FOURTH CAUSE OF ACTION**

27. Upon information and belief, at the time of the transfer of Rosa's interest in the Properties, both Rosa and Jorge were insolvent or were rendered insolvent as a result of the transfers.

28. Jorge's and Rosa's transfer of their interest in the Properties constituted a fraudulent conveyance in violation of the New York Debtor and Creditor Law §273.

29. By virtue of the foregoing, under Bankruptcy Code §544(b), Jorge is entitled to Judgment: (i) avoiding the transfer of the Debtors's interest in the Real Property under New York Debtor and Creditor Law §273; (ii) setting aside the transfer of the Debtor's interest in the

Real Property as a fraudulent conveyance; and (iii) against the Defendant for the value of the Debtor's interest in the Real Property as of the date of the Transfer in an amount as yet undetermined, but in no event less that $1,000,000.00, together with interest thereon.

**AS AND FOR THE FIFTH CAUSE OF ACTION**

30. Upon information and belief, at the time the Debtor and Rosa transferred their interests in the Properties, Jorge was engaged in or about to engage in a business or transaction for which the property remaining in his possession after the Transfer was unreasonably small capital with which to continue the business and transactions in which she was engaged.

31. Jorge's and Rosa's transfer of their interest in the Properties constituted a fraudulent conveyance in violation of the New York Debtor and Creditor Law §274. 24. By virtue of the foregoing, under Bankruptcy Code §544(b), Jorge is entitled to Judgment: (i) avoiding the transfer of the Jorge's interest in the Properties under New York Debtor and Creditor Law §274; (ii) setting aside the transfer of the Debtor's interest in the Real Property as a fraudulent conveyance; and (iii) against the Defendant for the value of the Debtor's

WHEREFORE, the Debtor requests that this Court enter an order granting the relief requester herein and granting such other and further relief as the Court deems just.

**DATED:** New York, New York
Dec. 19, 2020

*S/Norma E. Ortiz*
Ortiz & Ortiz, LLP
35-10 Broadway, Ste, 202
Astoria, NY 11106
Tel. (718) 522-1117
Counsel to the Debtor