| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hrg. Date: Nov. 17, 2021<br>Time: 10:00 a.m. |

--------------------------------------------------------X

In re:

**JORGE PRIETO,**                                                           Case No. 20-40402-jmm

                                                                                                       Chapter 11

                                             Debtor.

--------------------------------------------------------X

**JORGE PRIETO,**

                                                       Plaintiff,                  Adv. Proc. No.
                                                                                     20-01131-jmm

        -against-

**ROSA PRIETO AND ELMHURST ASSETS
LLC,**

                                                        Defendants.

-----------------------------------------------------------------------------X

### RESPONSE TO PLAINTIFF'S MOTION TO DISMISS COMPLAINT

        Jorge Prieto (the "Debtor"), by and through its undersigned counsel, hereby responds to the above-captioned defendants' Motion to Dismiss Amended Complaint (the "Motion). In support thereof, the Debtor states as follows.

### Background

        1.       The facts pertinent to the Debtor's action against the defendants are set forth in the amended complaint and are largely not disputed by the defendants. The Debtor and his ex-wife Rosa Prieto ("Prieto") bought the two properties known as 103-04 34th Avenue, Corona, New York and 103-08 34th Avenue, Corona, New York (the "Properties") as tenants by the entirety. The Debtor alleges that Prieto threatened to take their children away from him if he did

not sign over all but 1% of his interest in the Properties to her.  When the Plaintiff transferred his interest in the Properties to Prieto in 2008, they were encumbered by mortgage loans obtained by the Debtor and Prieto.  The defendants do not dispute that Prieto did not pay any consideration for the transfer to her.

2. The defendants also do not dispute that Prieto sold her interest in the Properties to Elmhurst Assets LLC ("LLC") and the Debtor received no consideration for the transfer. Although the defendants assert in the Motion that they paid  for $10,000 for each parcel of property to Prieto, the transfer tax documents filed with the City of New York do not support that assertion. The Debtor did not consent to the transfer to LLC and the defendants do not assert that he did.

3. Although not material to the Motion, the defendants assert that the Debtor did not take any action to challenge the transfer to LLC but that allegation is not accurate.  Motion Para. 11.  The Debtor commenced an action in state court to set aside in the transfer that was dismissed without prejudice in the Supreme Court of the State of New York, Queens County, under Index No. 523/2016.  The Debtor has remained in possession of the Properties at all times since the transfer to Prieto and Prieto's subsequent transfer to LLC over six years ago.

4. The Amended Complaint provides in relevant part that since the Debtor owned the Properties with Prieto as tenants by the entirety, he believed that he was transferring nominal title to Prieto.  Am. Compl. Para. 2.

**Argument**

5. The Debtor concedes the defendants' assertion that Counts 1 and 2 of the

complaint fail to state a claim upon which relief can be granted. However, the Debtor disputes that the Court may not grant relied under Counts 3, 4, and 5 of the complaint.

6. The Debtor alleges that his transfer of nominal title, and not his beneficial interest, in the Properties to Prieto did not destroy his interest as a tenant by the entirety. The Debtor was liable for hundreds of thousands of dollars of mortgage debt to three mortgagees. He had no intent of transferring all but one percent of his beneficial interest in the Properties to Prieto and severing his right as a tenant by the entirety. There was no indicia of a change of beneficial ownership when the Debtor transferred what appeared to be 99% interest in the Properties to Prieto other than a name change on the deeds. E.g., Matter of Russo, 1 B.R. 369, 377 (Bankr. E.D.N.Y. 1979) (..."the Russos made no effort to change any of the indicia of ownership regarding the conveyed property beyond changing the names on the deed.") .

7. Prieto was only capable of transferring her interest in the Properties to LLC, not the Debtor's interest. The Appellate Division summarized the applicable law as follows:

> A tenant by the entirety may convey his limited interest in property held by the entirety, but he cannot thereby sever the tenancy or convert it into tenancy in common. The grantee becomes a tenant in common with the spouse of the grantor, so far as the right to share in rents and profits are concerned, but the title is still deemed held by the entirety, and the right of surivorship is unaffected. The grantee may ultimately obtain the whole fee, if his grantor survives, but his interest in the property may be completely extinguished, if the other spouse survives. Similarly, when there are two conveyances, one by each tenant by the entirety to different grantees, each grantee takes a right to share possession and profits. However, so far as the ultimate title is concerned, the right of each depends upon the order in which the grantors die"

Son Fong Lum v. Antonelli, 102 A.D.2d 258, 262, 476 N.Y.S.2d 921, 924 (1984), aff'd, 64 N.Y.2d 1158, 480 N.E.2d 347 (1985) (citations omitted)

As a result, when Prieto transferred title to LLC, she transferred property of the Debtor's estate to LLC for which the Debtor received no consideration. "Generally, a fraudulent conveyance from one spouse to the other does not destroy the transferee spouse's interest as a tenant by the entirety under New York law." In re Parameswaran, 50 B.R. 780, 785 (S.D.N.Y. 1985) (citing Orbach v. Pappa, 482 F.Supp. 117, 120–21 (S.D.N.Y.1979); Gross v. Russo (In re Russo), 1 B.R. 369, 386 (Bkrtcy.E.D.N.Y.); Hohenrath v. Wallach, 37 A.D.2d 248, 250, 323 N.Y.S.2d 560, 562 (2nd Dep't 1971), appeal dismissed, 30 N.Y.2d 674, 332 N.Y.S.2d 106, 282 N.E.2d 891 (1972); Capizzi v. Khoury, 168 Misc. 490, 492, 5 N.Y.S.2d 201, 203 (2nd Dep't 1938) (per curiam).

8.    The defendants assert that the Debtor's claims against Prieto are untimely because they were not brought within six years of the date the Properties were transferred to Prieto. But the Debtor voluntarily transferred nominal title to Prieto – albeit because he believed he had no choice – and he had no claim against Prieto until she transferred title to LLC. E.g., Hassett v. Goetzmann, 217 B.R. 9 (N.D.N.Y. 1998) (a person is conferred creditor status as of the time his claim accrues). The Debtor's action against Prieto and LLC were brought within the six year statute of limitations under N.Y. D.C.L. 273 and 274.

9.    "To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " In re Scott, 572 B.R. 492, 502–03 (Bankr. S.D.N.Y. 2017). In addition to the complaint, "the court may also consider (1) any document incorporated by reference in the complaint; (2) any document the plaintiff has in his possession or had knowledge of and upon which he relied in bringing suit; and (3) facts of which judicial notice may be taken." In re Hydrogen, L.L.C., 431 B.R. 337, 345 (Bankr. S.D.N.Y. 2010) (citations and quotations omitted). The complaint must

contain "enough factual matter (taken as true) to raise the right to relief above the speculative level. *Id.*

10.     Under the facts of this case, the Court should find that the amended complaint states a claim for relief that is plausible on its face. Taking the allegations asserted as true compels the conclusion that the transfer to LLC of the Debtor's interest in the Properties by Prieto is an avoidable transaction under Counts 4, 5, and 6. There is no dispute that the Debtor did not receive any consideration from either Prieto or LLC when the Properties were transferred to LLC. The transfer to LLC rendered the Debtor wholly insolvent and with the concomitant responsibility for the significant amount of mortgage debt. The Court may find that the Debtor was a future unmatured creditor of Prieto and was rendered insolvent when she transferred the Debtor's interest in the Properties to LLC because he owned no assets and remained liable on the mortgage notes encumbering the Houses. The term "creditor," as used in New York fraudulent transfer statute governing conveyances by an insolvent person, includes persons with contingent or unmatured claims, which status is conferred at the time the claim accrues. Debtor and Creditor Law § 270.

11.     New York law recognizes that a spouse may qualify as a "creditor" entitled to set aside a fraudulent conveyance where one spouse's rights are predicated on a contractual or legal obligation, or a future right to receive prospective equitable distribution of the marital estate and/or spousal support and maintenance. See Spear v. Spear, 101 Misc.2d 341 (Sup. Ct., Nassau County 1979) (a former wife, whose former husband confessed a judgment in favor of a third-party to whom he was indebted at a time when he was in arrears for mortgage, support and alimony payments, may prevail to set aside a fraudulent conveyance under the Debtor and

Creditor Law even though her claim has not yet matured where the conveyance was made without fair consideration.); See also Bennett v. Bennett, 62 A.D.2d 1154 (4th Dept. 1978) (defendant-husband conveyed his interest in realty to present wife at time when he was in arrears in payments to plaintiff-former wife, who was deemed to be "creditor" of defendant-husband where he conveyed his interest without receiving fair consideration that was made for the purpose of creating an asset position whereby defendant would be unable to pay his debts to plaintiff). Prieto knew that the transfer to LLC would destroy the Debtor's interest in the Properties because they constituted the sole marital asset, and the Debtor reasonably anticipated that he would receive in the future a portion of the Houses as equitable distribution, should they divorce.

12. Dismissing the complaint without permitting the Debtor to proceed with its claims would result in a wind-fall for LLC at the expense of the Debtor and his estate. It is respectfully submitted that the Motion should be denied.

WHEREFORE, the Debtor requests that the Motion be denied and the Court grant such other and further relief as deemed just.

Dated: New York, New York
      Nov. 10, 2021

                                                          /s/Norma E. Ortiz
                                                          Norma E. Ortiz, Esq.
                                                          Ortiz & Ortiz, L.L.P.
                                                          287 Park Ave. South, Ste. 213
                                                          New York, New York  10010
                                                          Tel. (718) 522-1117
                                                          Counsel to the Debtor